# Benner R. Myton v. James A. Wilson, Appellant.

*Res adjudicata—Trespass—Injunction.*

When a question is necessarily decided in effect, though not in express terms, between parties to the suit, they cannot raise the same question as between themselves in any other suit in any other form.

The right of the defendant to lay pipes across the plaintiff's land to connect with a spring having been decided in an action of trespass (Myton v. Wilson, 6 Pa. Superior Ct. 293), and the identical question being now raised by an injunction to restrain defendant from a new attempt to lay pipes in the bed of the stream flowing from the spring, the court below was correct in considering the matter to be res adjudicata and restraining the defendant by perpetual injunction from entering upon the land of the plaintiff for the purpose.

Argued Oct. 24, 1899. Appeal, No. 76, Oct. T., 1899, by defendant, from decree of C. P. Huntingdon Co., Sept. T., 1898, No. 83, making perpetual preliminary injunction. Before RICE, P. J., BEAVER, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Bill for injunction. Before BAILEY, P. J.

It appears from the record that plaintiff filed his bill to restrain defendant from laying pipes to a stream near the boundary line, between plaintiff and defendant, to a moiety or one half part of the waters of which spring defendant claimed he was the owner and entitled to the free use, liberty and privilege of the same, and to obtain which he had laid pipes upon his own lands and was preparing to lay pipes in the channel of

646 MYTON *v.* WILSON.

Statement of Facts—Assignment of Errors. [11 Pa. Superior Ct.

the waters leading from the spring over the lands of plaintiff, to connect with the spring, asserting that he had the legal right so to do, in accordance with the opinion filed by the Superior Court in the case of Myton v. Wilson, 6 Pa. Superior Ct. 293. The preliminary injunction was afterwards continued, and after hearing on bill, answer and proofs, was by the lower court made perpetual, and from this decree defendant appealed.

*Errors assigned* among others were (30) in the following conclusions of law : "If it be an appurtenant to the defendant's land, it does not follow that he has authority to lay a pipe through the land of the plaintiff for the purpose of taking his proportion of the water directly from the spring. The existing channel provides the only mode of conveying it. No other means is provided in the reservation : Myton v. Wilson, 6 Pa. Superior Ct. 293." (31) In the following conclusion of law : "It logically follows that the only interest defendant has in the spring is that of riparian owner to the flow of the water therefrom down its natural channel. With this right the plaintiff has not interfered. The defendant in his answer to the plaintiff's bill frankly admits that the plaintiff leaves much more than one half of the water of the spring to flow in its usual channel into and through the defendant's lands." (32) In the following conclusion of law : "The plaintiff is, therefore, entitled to have the preliminary injunction made perpetual, and that the costs be paid by the defendant." (33) In entering the following decree : "Now, March 13, 1899, this case having come on to be heard on bill, answer and proofs submitted, it is now ordered, adjudged and decreed, that the preliminary injunction heretofore granted be made perpetual, and that the defendant and his agents, employees and servants be forever enjoined from in any manner diverting water from the spring upon lands of the plaintiff and which is described in the reservation contained in the deed from William Johnston, Esq., to William Johnston and John Johnston, his sons, dated August 17, A. D. 1810, and recorded in the recorder's office at Huntingdon, in record book N, No. 1, page 99, and from entering said lands of the plaintiff and laying a pipe or pipes or any other artificial device, over, upon, in, or through the same to said spring ; and it is further ordered, adjudged and decreed that the defendant pay the costs."

*Chas. G. Brown* and *H. H. Waite*, for appellant.—When this case was here before, the right of the defendant to take his portion of the water from the spring by the way of the channel was very clearly defined by this Court. See 6 Pa. Superior Ct. 293.

The balance of the argument was directed to the merits of the original controversy.

*A. O. Furst*, of *Furst & Dorris*, and *W. H. Woods*, with him *T. S. Woods*, for appellee.—In the argument of this case we desire to call the attention of the court to the assignments of error, all of which are in violation of Rule 16 of this Court.

The balance of the argument was directed to the original merits of the case.

OPINION BY BEAVER, J., November 20, 1899:

The plaintiff filed his bill in equity asking to have the defendant enjoined from entering the plaintiff's close and digging a ditch for the purpose of laying water pipes to a spring upon the land of the plaintiff in which the defendant claimed a right.

The primary question involving the rights of the parties was considered by us in Myton v. Wilson, 6 Pa. Superior Ct. 293, which was an action of trespass. The identical question involved in the present controversy was there determined by a verdict in the court below in favor of the plaintiff, and a judgment entered thereon, which was affirmed in this Court.

The defendant claiming that by the judgment of this Court, as expressed in the opinion of our Brother SMITH, he had the right to lay a pipe in the channel of the stream flowing from the spring which was the subject of controversy, proceeded to dig a ditch upon his own land, with the avowed intention of continuing that ditch up the channel of the stream to the spring. Unless the defendant's contention in regard to the scope and effect of the judgment of this Court is correct, the main question involved is res adjudicata.

Our Brother SMITH, in his opinion in Myton v. Wilson, supra, said : " Access to the spring in some manner for the purpose of taking water is undoubtedly implied, but with an existing channel, natural or artificial, conducting the water, the parties must, in the absence of any provision for a different mode of

conveyance, be understood as contemplating the use of such channel for that purpose.  There is no express provision for a departure from this channel or for the laying of a pipe through the land conveyed; while the description beginning with the spring follows with courses and distances, that apparently refer to its outlet, as if for the purpose of including it.  Under the terms of the stipulation, therefore, the grantor had a right to so maintain the existing channel as to keep it adequate for the purposes of the stipulation."   Later in the opinion occurs this sentence : " This was the extent of the defendant's right and the substitution of another mode of conducting the water through the plaintiff's land, without his consent, was unwarranted."

It is very plain that the defendant entirely misconstrued both the thought and the language of this opinion by claiming that under it he was entitled to dig a ditch along the channel of the stream and lay a pipe therein and thus convey the water from the head of the spring to his own land.   The use of the channel alluded to was, of course, its natural and ordinary use.   The bed of the channel was just as much the property of the plaintiff as the other portions of his land and it was trespass in precisely the same degree to enter upon his land and dig a ditch for laying pipe along the channel of the stream as to do so over any other portion of it.   The mode which the defendant sought to use and from which he was enjoined was a different mode of conveyance of the water from that which he and his predecessors in title had enjoyed for more than three quarters of a century and his right to the use of such a mode of conveyance was distinctly denied, when the case was before us in the appeal from the judgment in the action of trespass above referred to. The court below, in the first conclusion of law, says : " The rights of the parties have already been determined in a court of law.  See Myton v. Wilson, 6 Pa. Superior Ct. 293.  In that case the court decided that Wilson had no right to lay a pipe through land of the plaintiff for the purpose of drawing water from the spring."   This, as we view the case, was correct.   The doctrine of res adjudicata, as defined by Lord HARDWICKE, in Gregory v. Molesworth, 3 Atkyns, 626, is applicable here : " When a question is necessarily decided in effect, though not in express terms, between parties to the suit, they cannot raise the same

question as between themselves in any other suit in any other form." In this view of the case, it is unnecessary for us to consider the numerous assignments of error—thirty-three in number—which have been presented to us, nor need we consider the question presented by the appellee as to the irregularity and insufficiency of these assignments.

Much testimony was taken and the facts are perhaps more fully presented in the present proceeding than in the trial of the action of trespass which we considered, when the case was heard before; but the fundamental question remains and that having been determined against the defendant, he is bound by it. The defendant had great latitude in the presentation of his case and was heard with great patience by the court below. There is nothing in the case which should change the judgment previously rendered in the action of trespass. The court below was clearly justified in restraining the defendant by a perpetual injunction from entering upon the land of the plaintiff for the purpose indicated by him.

The judgment is, therefore, affirmed.